Electronically Filed
Intermediate Court of Appeals
CAAP-13-0005474
13-MAY-2014
08:50 AM

NO. CAAP-13-0005474

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I


GILBERT HOOPII, et al,
Plaintiffs/Counterclaim-Defendants/Appellees,
v.
KALEIALOHA LUKELA, et al,
Defendants/ Counterclaim-Plaintiffs/Cross-Claim
Plaintiffs/Appellants,
and
CLARENCE HOOPII, et al,
Defendants/Cross-Claim Defendants/Appellees,
and
ABIGAIL HOOPII, et al,
Defendants-Appellees

APPEAL FROM THE CIRCUIT COURT OF THE SECOND CIRCUIT
(CIVIL NO. 11-1-0318(3))


ORDER DISMISSING APPEAL FOR LACK OF APPELLATE JURISDICTION
(By: Foley, Presiding Judge, Fujise and Reifurth, JJ.)

Upon review of the record on appeal, it appears that we

lack appellate jurisdiction over this appeal that Defendants/

Counterclaim-Plaintiffs/Cross-Claim Plaintiffs/Appellants

Kaleialoha Lukela (Appellant Kaleialoha Lukela) and Rosabella

Hoopii (Appellant Rosabella Hoopii) have asserted from the

Honorable Joseph E. Cardoza's November 4, 2013 judgment, because

the November 4, 2013 judgment does not satisfy the requirements for an appealable final judgment under Hawaii Revised Statutes (HRS) 641-1(a) (1993 & Supp. 2013), Rule 58 of the Hawai'i Rules of Civil Procedure (HRCP) and the holding in <u>Jenkins v. Cades Schutte Fleming & Wright</u>, 76 Hawai'i 115, 119, 869 P.2d 1334, 1338 (1994).

HRS § 641-1(a) authorizes appeals to the intermediate court of appeals from final judgments, orders, or decrees. Appeals under HRS § 641-1 "shall be taken in the manner . . . provided by the rules of court." HRS § 641-1(c). HRCP Rule 58 requires that "[e]very judgment shall be set forth on a separate document." Based on HRCP Rule 58, the Supreme Court of Hawai'i requires that "[a]n appeal may be taken . . . only after the orders have been reduced to a judgment and the judgment has been entered in favor of and against the appropriate parties pursuant to HRCP [Rule] 58[.]" <u>Jenkins</u>, 76 Hawai'i at 119, 869 P.2d at 1338. "Thus, based on <u>Jenkins</u> and HRCP Rule 58, an order is not appealable, even if it resolves all claims against the parties, until it has been reduced to a separate judgment." <u>Carlisle v. One (1) Boat</u>, 119 Hawai'i 245, 254, 195 P.3d 1177, 1186 (2008). Furthermore,

> <u>if a judgment purports to be the final judgment in a case involving multiple claims</u> or multiple parties, <u>the judgment</u> (a) must specifically identify the party or parties for and against whom the judgment is entered, and (b) <u>must (i) identify the claims for which it is entered</u>, and (ii) dismiss any claims not specifically identified[.]

<u>Jenkins</u>, 76 Hawai'i at 119, 869 P.2d at 1338 (emphases added).

> <u>For example</u>: "Pursuant to the jury verdict entered on (date), <u>judgment in the amount of $___ is hereby entered in favor of Plaintiff X and against Defendant Y upon counts I through IV of the complaint</u>." A statement that declares "there are no other outstanding claims" is not a judgment.

> If the circuit court intends that claims other than those listed in the judgment language should be dismissed, it must say so: for example, "Defendant Y's counterclaim is dismissed," or "Judgment upon Defendant Y's counterclaim is entered in favor of Plaintiff/Counter-Defendant Z," or "all other claims, counterclaims, and cross-claims are dismissed."

Id. at 119-20 n.4, 869 P.2d at 1338-39 n.4 (emphases added). When interpreting the specificity requirements for an appealable final judgment under HRS § 641-1(a) and HRCP Rule 58, the Supreme Court of Hawai'i explained that

> [i]f we do not require a judgment that resolves on its face all of the issues in the case, the burden of searching the often voluminous circuit court record to verify assertions of jurisdiction is cast upon this court. Neither the parties nor counsel have a right to cast upon this court the burden of searching a voluminous record for evidence of finality, . . . and we should not make such searches necessary by allowing the parties the option of waiving the requirements of HRCP [Rule] 58[.]

Jenkins, 76 Hawai'i at 119, 869 P.2d at 1338 (original emphasis; citation omitted). Consequently, "[a]n appeal from an order that is not reduced to a judgment in favor of or against the party by the time the record is filed in the supreme court will be dismissed." Id. at 120, 869 P.2d at 1339 (footnote omitted).

Although this case involves multiple claims by way of the four separate and distinct counts in the first amended complaint, the two separate and distinct counts in Appellant Kaleialoha Lukela and Appellant Rosabella Hoopii's counterclaim, and the two separate and distinct counts in Appellant Kaleialoha Lukela and Appellant Rosabella Hoopii's cross-claim, the November 4, 2013 judgment does not specifically identify the claim or claims on which the circuit court intends to enter judgment. Therefore, the November 4, 2013 judgment is too vague to satisfy the requirements for an appealable final judgment under HRS § 641-1(a), HRCP Rule 58 and the holding in Jenkins.

-3-

Absent an appealable final judgment in this case, Appellant Kaleialoha Lukela and Appellant Rosabella Hoopii's appeal is premature and we lack appellate jurisdiction over appellate court case number CAAP-13-0005474.

Accordingly, IT IS HEREBY ORDERED that appellate court case number CAAP-13-0005474 is dismissed for lack of jurisdiction.

DATED: Honolulu, Hawai'i, May 13, 2014.

Presiding Judge

Associate Judge

Associate Judge